GREENVALE HOMES CORP., APPELLEE, *v.* MARTING,
TRUSTEE, ET AL., APPELLANTS.

(No. 4072—Decided December 7, 1949.)

*Mr. M. S. Hewgley,* for appellee.
*Mr. William J. Whelton,* for appellants.

STEVENS, P. J. This cause is before this court as an appeal on questions of law and fact. The petition is for a declaratory judgment. These facts are not in dispute:

Plaintiff (appellee) is the holder of the title to lot

No. 431 in the P. T. McCourt Allotment of the city of Akron, which it acquired by purchase from Robert B. Romweber, who in turn purchased said lot at auditor's sale of forfeited lands on July 23, 1947. Said Romweber received a deed for said lot from C. L. Bower, county auditor, dated July 24, 1947, which deed was duly entered for record on August 8, 1947, and thereafter was recorded in Volume 2392, page 349, of the Records of Deeds of Summit county, Ohio.

The defendants (appellants), E. L. Marting, trustee, and John R. Carkuff, were, respectively, owner of said premises, and holder of a mortgage upon said premises, at the time of the forfeiture thereof to the state and the sale of said lot by the auditor.

The proceedings leading up to the forfeiture and sale of said land were defective in the following particulars:

The notice provided for under Section 5704, General Code, was not complied with in the following respects:

The delinquent tax list, the making of which preceded the forfeiture of title to this property, was published in the Summit County Democrat, a Democratic newspaper of general circulation in Summit county, which publication appeared in the issues of May 3, 1944, May 17, 1944, May 24, 1944, and May 31, 1944. In two of these issues, only a partial list of names was published, from the beginning of the alphabet to the names beginning with the letter "L" in one issue, and the remainder of the alphabet in the succeeding issue.

At the end of the notice in which the first portion of the alphabet appeared, the closing words of the form of notice set out in Section 5707, General Code, to wit, "and notice is hereby given that the whole of such several tracts, lots or parts of lots, will be certified for foreclosure by the county auditor pursuant to law, or forfeited to the state, unless the taxes, assessments,

penalties and interest are paid,'' were not included in the advertisement.

However, at the end of the alphabet in the succeeding issues, these words were inserted.

Publication was also made in the Akron Beacon Journal on April 17, 1944, and May 1, 1944. Each of these publications carried the complete list of names. However, at the end of the publication of April 17, 1944, the closing words of the statute above set forth did not appear. In the publication of May 1, 1944, they did, however, appear.

The notice of hearing prescribed by Section 5718-1b, General Code, was published in the Akron Legal News and in the Akron Beacon Journal. These publications were regular in all respects, although they were not made in newspapers of opposite political faith. The hearing and the entry of the decree, both as provided for in Section 5718-1b, were in strict conformity to statute.

In accordance with the decree of forfeiture, the lot in question was offered for sale, and sold to plaintiff's predecessor in title. There was no defect or irregularity in the sale proceedings subsequent to the decree of forfeiture.

The deed from the county auditor was regularly executed and delivered, and had been on record in the office of the county recorder for more than a year at the time of the filing of this action.

The petition prays:

''1. That the court declare that under Section 5718-1c of the General Code of Ohio the Court of Common Pleas acquired jurisdiction to pass upon all steps taken prior thereto in connection with the procedure relating to the forfeiture of land and to determine the sufficiency and validity of all acts, proceedings, ad-

vertising and other steps relating thereto, and that the finding and judgment of the court rendered pursuant to said section constituted a valid final judgment, subject only to the right of appeal.

"2. That this court declare that Section 5762-1 is a statute of limitations and constitutes a bar to any attack upon a title acquired by a purchaser at tax foreclosure or forfeiture sale, whether such attack be based upon the question of jurisdiction or otherwise, and for such other and further relief as to the court may seem just and equitable."

Answers were filed by the defendants, wherein each of the defendants admitted the facts as stated in plaintiff's petition, and each of said defendants then prayed:

"1. That the court declare that failure to comply strictly with the provisions of Sections 5704 and 5718-1*b* of the General Code of Ohio with respect to advertising constituted the failure to comply with mandatory provisions of law and therefore deprived the court of jurisdiction to declare a forfeiture of the land.

"2. That the court declare 5762-1 is limited in its application to omissions, defects, etc., of a procedural nature, and has no application to and does not constitute a bar to asserting a defense or cause of action based upon the lack of jurisdiction of the court to declare a forfeiture, and that this section does not therefore bar this cross-petitioner from asserting his right to recover said property * * *."

These pleadings, and the stipulation of facts in conformity to the allegations of the pleadings, raise the following questions:

1. Did the failure to comply strictly with all the provisions of Sections 5704, 5707 and 5718-1*b*, General Code, in the respects above set forth, deprive the Court

of Common Pleas of jurisdiction to enter a decree of forfeiture?

2. Is the limitation of actions to question or defend a tax title, provided by Section 5762-1, General Code, applicable to irregularity, informality or omission in that portion of the procedure antecedent to the declaration of forfeiture?

Section 4, Article IV, of the Constitution of Ohio, provides that jurisdiction of the Common Pleas Court, and the judges thereof, shall be fixed by law.

Section 5718-1a, General Code, as enacted effective August 11, 1943, provides:

"After such list of omitted lands has been prepared by the county auditor, the prosecuting attorney, in the names of the members of the board of revision, shall prepare and file an application in the Common Pleas Court of such county. Lands which have been previously omitted and forfeited to the state and are not disposed of may be included in the application. The application shall recite the date or dates on which such board met to consider the list of delinquent lands, the action taken by such board with respect to such lands, and such other facts as may be pertinent; it shall conclude with a prayer asking for an order fixing a day for the hearing of objections to the action of such board and * * * forfeiting such lands to the state of Ohio. The list of omitted lands may be incorporated in or attached to such application and such application need not be verified."

Section 5718-1b, General Code, as enacted effective August 11, 1943, provides:

"Upon the filing of such application the court shall fix a day for the hearing of objections to the action of the board of revision in making such list of omitted lands and shall order the clerk of the court to cause notice of the time and place of hearing, together with

a list of such omitted lands, to be published once a week for two consecutive weeks in two newspapers as provided in Section 5704 of the General Code. Proof of such publication shall be filed with the clerk of court and by him preserved as part of his records. The list as published shall contain the names of the owners, as found on the auditor[']s duplicate, of such lands at the time they were omitted, a description of the property as it appears on the tax list and the amount of taxes, assessments and penalties due at the time of omission. The legal notice shall be in substance as follows:

"NOTICE OF LANDS TO BE FORFEITED TO THE
STATE OF OHIO

"The following is a list of lands, lots and parts of lots upon which the taxes, assessments, etc., have been certified delinquent for two years:

"(Here insert the list)

"Such lots and lands were omitted by the county board of revision from foreclosure proceedings. The owners, mortgagees, lienors and any other persons having or claiming any interest in such lands, lots or parts of lots, will take notice that the court has fixed the date of .......... (time) .......... at .......... (place) .......... when objections to the action of the board of revision will be heard. Written objections may be filed prior to that date. If no valid objections are presented as to any of said lands the action of the county board of revision will be confirmed and said lands ordered forfeited to the state of Ohio to be sold pursuant to law."

Section 5718-1c, General Code, as enacted effective August 11, 1943, provides:

"At the time appointed for such hearing, the clerk, at the designated place, which shall be in open court, shall present to the court the written objections that

have been filed. The court shall also inquire from any of the persons attending such hearing whether any of them desire to present oral objections. If there are no objections, the court shall examine into the proceedings affecting such lands, both prior and subsequent to the filing of the application. If it appears that such proceedings were regular and in conformity with law, the court shall so find and such finding shall not be collaterally attacked. The court shall thereupon confirm the action of the board of revision and shall order such lands forfeited to the state of Ohio. Such lands shall thereupon be forfeited to the state of Ohio and disposed of as provided by Chapter 15 of this Title. If there are objections the court shall inquire into their merit, after ordering oral objections to be reduced to writing. Witnesses may be called and testimony introduced and the hearing may be adjourned from day to day. The burden of proof shall be upon the objectors. At the conclusion of such hearing, if the court finds that as to some of the lands legal objections have been proven, it shall order such lands stricken from the omitted list and re-entered upon the tax duplicate. If the court determines that no legal objections have been proven, it shall order such lands forfeited to the state of Ohio. A list of the lands so forfeited shall be certified by the clerk of courts to the county auditor.

"If a person making objection shall fail, his costs shall be assessed against him. All other costs of such proceeding, including the cost of publication, shall be certified by the clerk of courts to the county commissioners of such county and shall be paid by them out of the general fund.

"The term 'legal objections' as used in this section shall mean any one or more of the following:

"1. That the taxes or assessments, penalties and interest have been paid.

"2. That the lands or lots are not properly listed.

"3. That the proceedings to omit such lands or lots from the foreclosure list have been irregular.

"4. That the lists provided for in Sections 5704 and 5718-1*b* of the General Code have not been published according to law.

"Any party against whom a decision is rendered shall have the same right of appeal as in other civil actions."

The above constitutional provision has been stated by the Supreme Court of Ohio to mean that the jurisdiction of the Court of Common Pleas was to be fixed by statute. *Allen* v. *Smith,* 84 Ohio St., 283, 95 N. E., 829, Ann. Cas. 1912C, 611.

Pursuant to the provisions of Section 4, Article IV, of the Constitution of the state of Ohio, the Legislature has, by the words contained in Section 5718-1*c*, conferred upon the Common Pleas Court the jurisdiction to examine and pass upon the regularity of proceedings both prior to and subsequent to the filing of the application under Section 5718-1*a* by the prosecuting attorney. This jurisdiction is conferred directly by the Legislature. It does not attach by virtue of the prior proceedings, but is independent thereof, and for the purpose of enabling the court to inquire into and determine the legal sufficiency of those proceedings.

Section 5718-1*c* defines what are "legal objections" as used in this grant of jurisdiction to the Common Pleas Court, and the irregularities shown by this record to have occurred antecedent to forfeiture are such as, under the statute, would have furnished a basis for the interposition of legal objections on the part of an objector. However, such irregularity, omission or informality not having been utilized as the basis for objection to the finding of the court, that finding, when entered, became a valid, subsisting judgment, not sub-

ject to collateral attack, and by law subject to appeal as in other civil actions. No such appeal has been taken from the judgment here under consideration.

It should be here noted that Section 5704, General Code, provides: "* * * It shall be mandatory upon the county auditor to cause a list of the lands on such delinquent land list and duplicate to be published twice," etc., and further, "* * * * it shall also be mandatory upon the county auditor to cause a display notice of the forthcoming publication of the delinquent land list and duplicate to be inserted once a week," etc.

In that portion of Section 5704 which provides for the omitted matter hereinabove set out, there is no such provision with reference to the act there enjoined being mandatory. We therefore hold that the portion of Section 5704, concerning which the omission occurred, as set out in the form contained in Section 5707, is a directory and not a mandatory provision of that section of the Code, and its omission from the advertisement is not such an omission as deprived the Court of Common Pleas of jurisdiction to pass upon the legality, sufficiency and validity of the proceedings antecedent to forfeiture.

Upon the question of publication, Section 5704 provides:

"* * * It shall be mandatory upon the county auditor to cause a list of the lands on such delinquent land list and duplicate to be published twice, within sixty days after the delivery of the duplicate to the county treasurer, in two newspapers of opposite politics in the English language published in the county and of general circulation therein."

There follows the provision as to the display notice hereinbefore set forth.

The statute continues:

"A newspaper independent in politics shall be con-

sidered to be a newspaper of opposite politics to a newspaper of.designated political affiliation.

"Where there is no newspaper of designated political affiliation published in such county then publication of such notice and delinquent land lists shall be made in two newspapers independent in politics published in such county and of general circulation therein. * * * Publication of delinquent land lists may be made by a newspaper in installments, providing the complete publication thereof is made twice during the said sixty day period. * * *"

The publication of the delinquent tax list was made in the Summit County Democrat, a Democratic newspaper of general circulation in Summit county, and in the Akron Beacon Journal, an independent newspaper of general circulation in Summit county, and such publication conformed to the requirements of Section 5704, as above set forth. The fact that publication in the Summit County Democrat appeared in installments, conformed to the permission. so to do contained in Section 5704.

We find no irregularity as to said publication, except the omission from the first publication in the Akron Beacon Journal of the closing words of Section 5704, and that is held to be not fatal, in the light of the judgment of the court entered under Section 5718-1c.

As to the publication of the notice of hearing under Section 5718-1b, we are of the opinion that such publication complied with the express provisions of Section 5704.

As to the second question presented, Section 5762-1, General Code, reads as follows:

"In all cases wherein real property in this state is or has been sold under and by virtue of the provisions of Chapter 14 or 15 of this Title, no action shall be

commenced, nor shall any defense be set up to question the validity of the title of the purchasers at such sale for any irregularity, informality or omission in the proceedings relative to the foreclosure, forfeiture or sale, unless such action be commenced or defense set up within one year after the deed to such property is filed for record or one year after the effective date of this act, whichever is longer.''

In the instant case, the sale in question was made, and the deed for said property filed for record, more than one year prior to the institution of this action, and the omissions, irregularities and informalities which it is conceded were present in the proceedings herein, are such, in our opinion, as to fall squarely within the bar of this statute—more than one year having elapsed since the recording of plaintiff's deed.

It is accordingly declared by this court that, under the facts here present, the Court of Common Pleas, by virtue of the provisions of Section 5718-1c, acquired jurisdiction to pass upon all steps taken in the proceedings to forfeit the land in question, and to determine the sufficiency and validity of all acts, proceedings, advertising and other steps relating thereto, and that the judgment entered by said court constituted a valid final judgment, subject only to the right of appeal as provided in Section 5718-1c.

It is further declared that Section 5762-1, under the facts here present, constitutes a bar, when properly interposed, to an attack upon a title acquired by a purchaser at a tax forfeiture sale.

A decree in accordance with this declaration may be prepared, with exceptions.

*Decree accordingly.*

HUNSICKER and DOYLE, JJ., concur.